UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-695-BR

| | |
|---|---|
| THIMBLER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNIQUE SOLUTIONS DESIGN USA, ) | |
| LTD., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 20 December 2013 motion to dismiss or, in the alternative, for judgment on the pleadings (DE # 33) filed by defendant Unique Solutions Design USA, Ltd. ("Unique USA"). The period to respond and reply to this motion has elapsed, and the matter is now ripe for disposition.

**I. BACKGROUND**

A. Factual Background

Plaintiff Thimbler, Inc. ("Thimbler") is a North Carolina corporation. (Am. Compl., DE # 19, ¶ 1.) Former defendant Unique Solutions Design, Ltd. ("Unique Canada") is a foreign corporation having its office and principal place of business in Halifax, Nova Scotia. (Id. ¶ 2.) Unique USA is a corporation existing under the laws of the State of Delaware and having its principal place of business in the Commonwealth of Pennsylvania. (Id. ¶ 3.) Unique USA is a wholly-owned subsidiary of Unique Canada. (Id. ¶¶ 7, 31-32; Answer, DE # 35, ¶ 31.)

Thimbler alleges that on 16 December 2010, it entered into a contract with Unique Canada pursuant to which Thimbler would manufacture Intellifit 3D body scanners ("scanners") and then provide them to Unique Canada for a price not to exceed $12,000 per unit. (Am.

Compl., DE # 19, ¶ 6.) Thimbler further asserts that Unique Canada purchased the scanners for Unique USA, which has locations throughout the United States, including North Carolina. (Id. ¶ 7.) However, Unique Canada did not disclose to Thimbler that the scanners would be sold to or operated by Unique USA. (Id. ¶ 10.)

Pursuant to the purported contract, Thimbler has produced and delivered ninety-seven scanners to Unique Canada. (Id. ¶ 29.) Thimbler alleges that after receiving the scanners, Unique Canada sent them directly to Unique USA for little or no consideration. (Id. ¶¶ 29, 41-42.) Neither Unique Canada nor Unique USA has paid Thimbler for the scanners. (Id. ¶ 43.) Thimbler maintains that Unique USA has received an economic benefit from using the scanners and should therefore pay adequate consideration for the scanners. (Id. ¶ 44.) Thimbler alleges that Unique USA became indebted to Thimbler in the amount of $456,219.46 due to the use and conversion of the scanners. (Id. ¶ 45.)

B.     Procedural Background

This action was commenced on 22 October 2012. (DE # 1.) Thimbler filed its initial complaint for breach of contract solely against Unique Canada. (Id.) Thimbler subsequently moved for leave to file an amended complaint, seeking in part to add quantum meruit and fraudulent transfer claims against Unique USA. (DE # 22.) On 11 September 2013, the court granted the motion to amend the complaint in part, and Unique USA was added as a defendant to this action. (DE # 28.) Pursuant to the same order, Unique Canada was dismissed from the lawsuit for lack of personal jurisdiction. (Id.) Thimbler's quantum meruit claim against Unique USA was permitted to go forward as the sole remaining cause of action. (Id.)

On 20 December 2013, Unique USA filed a motion to dismiss or, in the alternative, for

judgment on the pleadings. (DE # 33.) Thimbler filed a response to the motion on 21 January 2014 (DE # 39), and Unique USA filed a reply on 4 February 2014 (DE # 41).

## II. DISCUSSION

Unique USA seeks the dismissal of Thimbler's remaining quantum meruit claim under Rules 12(b)(7), 12(c), and 19 of the Federal Rules of Civil Procedure for nonjoinder of a necessary and indispensable party, *i.e.*, Unique Canada. Unique USA states that

> [a]s a necessary matter, this suit involves a decision on whether the contract between Unique Canada and Thimbler was valid and enforceable. Unique Canada's interests are impacted by that decision, and the decision that a contract did not exist may not be made without Unique Canada there to represent its interests.

(Def.'s Mem. Supp. Mot. Dismiss, DE # 34, at 6.)

Federal Rule of Civil Procedure 12(b)(7) permits the dismissal of an action for failure to join a party under Rule 19. Rule 19 sets forth a two-step inquiry. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). First, the court must consider whether a non-party is "required," *i.e.*, "necessary" to the action, because of its relationship to the matter under consideration. Fed. R. Civ. P. 19(a)(1) ("required"); Owens-Illinois, 186 F.3d at 440 ("necessary"). A party is required under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3

Fed. R. Civ. P. 19(a)(1)(A)-(B).  If a person has not been joined as required, the court must order that the person be made a party.  Fed. R. Civ. P. 19(a)(2).  If the person is not a required party, however, the inquiry ends.  See Mainstream Constr. Grp., Inc. v. Dollar Props., LLC, No. 7:09-CV-00148-BR, 2010 WL 2039671, at *2 (E.D.N.C. May 20, 2010) ("If a party is not 'necessary,' the inquiry ends there." (citation and internal quotation marks omitted)).

Second, if a required non-party cannot be joined because, for example, its presence would destroy the court's diversity jurisdiction, the court must determine under Rule 19(b) whether, in equity and good conscience, the proceeding should continue in its absence.  In other words, the court must determine whether the non-party is "indispensable."  Owens-Illinois, 186 F.3d at 440; Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result."  Owens-Illinois, 186 F.3d at 441.  Such a decision must be made pragmatically, in the context of the substance of each case rather than by procedural formula.  Id.  The court must consider "the practical potential for prejudice," including prejudice to those not before the court. Id. (citation and internal quotation marks omitted).  The factors used to evaluate indispensability include: (1) whether a judgment rendered in the person's absence would cause prejudice; (2) whether that prejudice could be lessened or avoided; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

Unique USA, as the moving party, bears the burden under Federal Rule of Civil Procedure 12(b)(7) of demonstrating that a required party has not been joined.  See Wood, 429

4

F.3d at 92. "'To satisfy this burden, [the moving party] may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest, and the Court may consider such evidence, as well as evidence of existing alternative state remedies.'" Mainstream Constr. Grp., 2010 WL 2039671, at *1 (alteration in original) (quoting Hughes v. Bank of Am., No. 5:07CV00109, 2008 WL 3926552, at *2 (W.D. Va. Aug. 26, 2008)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2007) (in considering a Rule 12(b)(7) motion to dismiss, a district court "is not limited to the pleadings"). Ultimately, Unique USA must "show that the person who was not joined is needed for a just adjudication."[1] Wood, 429 F.3d at 92 (citation and internal quotation marks omitted).

The court first examines the question of whether Unique Canada is a necessary party to this action under Rule 19(a). "It is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." Sever v. Glickman, 298 F. Supp. 2d 267, 275 (D. Conn. 2004); see also School Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 303 (6th Cir. 2009) ("It is hornbook law that all parties to a contract are necessary in an action challenging its validity or interpretation."); Blacksmith Invs., LLC v. Cives Steel Co., Inc., 228 F.R.D. 66, 74 (D. Mass. 2005). In this litigation, the alleged contract to which Unique Canada is a party will necessarily be at issue. Here, Thimbler seeks in part to recover $456,219.46 in relation to ninety-seven scanners that it produced pursuant to its purported agreement with Unique Canada. Thimbler maintains that it initially delivered the scanners to Unique Canada but that Unique Canada then sent them directly to Unique USA for little or no

---

[1] The court notes that although Thimbler has filed a memorandum in opposition to the instant motion to dismiss, that response does not address Unique USA's argument that Unique Canada is a necessary and indispensable party to this action. Rather, Thimbler's opposition focuses solely on Unique USA's alternative argument that Thimbler has failed to state a claim for quantum meruit.

5

consideration. (Am. Compl., DE # 19, ¶¶ 29, 41-42.) As a result, the resolution of Thimbler's claim against Unique USA in this case will reasonably require the court to determine the validity of the alleged contract, and, if valid, the rights and obligations of Thimbler and Unique Canada under that contract. Furthermore, it is clear that the gravamen of Thimbler's amended complaint implicates Unique Canada's conduct in procuring and disseminating the scanners manufactured by Thimbler. Because Unique Canada was the primary participant in the events giving rise to the current lawsuit, the failure to join Unique Canada would be improper.

As Unique USA has also pointed out, in pleadings filed prior to Unique Canada's dismissal from this action, Unique Canada indicated that the scanner parts produced by Thimbler were defective. (See J. Gould-Thorpe Decl., DE # 11-2, ¶ 2; Mem. Supp. Mot. Dismiss, DE # 12, at 2, 7.) Because of this, it is possible that Unique Canada may have a breach of contract claim against Thimbler. Thus, there is little doubt that Unique Canada, as a party to the alleged underlying contract, should be joined to this action if feasible so it can assert its claims and defenses against Thimbler relating to the matters at issue.

In addition, Unique Canada, as Unique USA's parent corporation, might be bound by the results of the current lawsuit under the doctrine that res judicata applies not only to the actual parties but also to those in privity with the parties. See, e.g., Hughes v. Hoffman, 750 F.2d 53, 55 (8th Cir. 1984) (per curiam) ("The doctrine of res judicata is a principle of universal jurisprudence. . . . Once a court with jurisdiction to hear the matter has entered a final judgment on the merits, the parties and their privies are forever bound." (citations and internal quotation marks omitted)); Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995) (applying the doctrine of res judicata based on a finding that parent corporation and

6

wholly-owned subsidiary were in privity); 50 C.J.S. Judgments § 931 ("Res judicata or claim preclusion operates as a bar to a reassertion of a cause of action which has previously been adjudicated in a proceeding between the same parties or those in privity with the parties."). If so, to proceed in Unique Canada's absence might impair its interest in the controversy very significantly. Even if Unique Canada would not be legally bound, an adverse ruling against Unique USA would be a persuasive precedent in a subsequent proceeding and would weaken Unique Canada's bargaining position for settlement purposes. See Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982). In either case, to proceed without Unique Canada might "as a practical matter impair or impede" Unique Canada's ability to protect its interest in this matter. Fed. R. Civ. P. 19(a)(1)(B)(i). Therefore, the court concludes that Unique Canada is a necessary party to this action under Federal Rule of Civil Procedure 19(a). See F & M Distribs., Inc. v. Am. Hardware Supply Co., 129 F.R.D. 494, 497-98 (W.D. Pa. 1990) (holding that corporation that was party to contract was necessary party to suit seeking damages against third party for corporation's alleged breach of that contract).

However, Unique Canada's joinder is not feasible here due to the court's prior determination that it lacks personal jurisdiction over Unique Canada. (See 9/11/13 Order, DE # 28.) Because Unique Canada is not subject to personal jurisdiction in this district, the court must determine whether Unique Canada is an indispensable party under Federal Rule of Civil Procedure 19(b). The principal focus is whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The court notes that "'precedent supports the proposition that a contracting party is the paradigm of an indispensable party.'" Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc., 210 F.3d 246, 252

7

(4th Cir. 2000) (quoting Travelers Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518, 527 (D. Conn. 1991)); see also Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 484 (7th Cir. 2001) (same).

The first and third factors under Rule 19(b) – the extent to which a judgment rendered in the person's absence might prejudice the parties or would even be adequate – address much the same concerns as under the Rule 19(a)(1)(B) analysis. See Owens-Illinois, 186 F.3d at 441[2] (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1604 (2d ed. 1986)). As the court noted in its Rule 19(a)(1)(B)(i) analysis, if this suit were to proceed without Unique Canada, Unique Canada would be impaired or impeded from protecting its separate and distinct interest in the court's determination of the validity and enforceability of the contract at issue in this litigation. Furthermore, as previously discussed, Unique Canada might be bound by the results of the current lawsuit under the doctrine of res judicata. The prejudice to Unique Canada if this suit is not dismissed is particularly strong given that Unique Canada negotiated and entered into the alleged contract at issue, and this suit concerns Unique Canada's conduct. See H.D. Corp. v. Ford Motor Co., 791 F.2d 987, 993 (1st Cir. 1986) (noting that first Rule 19(b) factor favored finding that parent corporation was indispensable to complaint brought against subsidiary where complaint was largely directed against parent corporation and parent corporation was signatory to agreement underlying claims in complaint).

---

[2] In Owens-Illinois, 186 F.3d at 441, the court stated that the first and third factors under Federal Rule of Civil Procedure 19(b) "address much the same concerns as under the Rule 19(a)(2) analysis." The court notes for the sake of clarity that Owens-Illinois was decided before the 2007 restyling of the Federal Rules of Civil Procedure. Thus, the "Rule 19(a)(2) analysis" referred to in Owens-Illinois is substantively identical to that which is conducted under the current Rule 19(a)(1)(B).

Case 5:12-cv-00695-BR   Document 42   Filed 04/25/14   Page 8 of 10

The second factor to consider under Rule 19(b) is whether a court can tailor relief to lessen or avoid the prejudice to the absent person or to those already parties. Because the court cannot address Thimbler's quantum meruit claim against Unique USA without determining the validity and enforceability of the purported contract between Thimbler and Unique Canada, the court cannot use protective measures or otherwise shape relief to reduce the prejudice involved. See Owens-Illinois, 186 F.3d at 442 (noting that prejudice could not be lessened or avoided because in order to reach merits of the petition to compel arbitration, district court could not have avoided addressing the validity and applicability of settlement agreement's arbitration provision, which was also at issue in pending state court action); Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 919 (4th Cir. 1999) (noting that prejudice could not be lessened or avoided because in order to reach the merits of the case, district court could not have avoided addressing the validity of the joint grievance panel's interpretation of collective bargaining agreement).

Finally, Rule 19(b) directs the court to determine whether dismissal for nonjoinder will leave the plaintiff with an adequate remedy. Here, Thimbler could secure an adequate remedy by bringing an action in Pennsylvania, where both Unique Canada and Unique USA are presumably amenable to suit.[3] See Teamsters Local Union No. 171, 173 F.3d at 919. The court concludes that all four factors support a finding of indispensability under Rule 19(b).

---

[3] Based on documents filed by Unique Canada prior to its dismissal from this action, it appears that Unique Canada would be subject to personal jurisdiction in Pennsylvania. (See I. Wilkie Decl., DE # 11-1, ¶ 3 ("Unique Canada is based in Nova Scotia and has facilities in Pennsylvania."); Mem. Supp. Mot. Dismiss, DE # 12, at 1, 3.) Unique USA would also be subject to jurisdiction in Pennsylvania, as its principal place of business is located there. (Am. Compl., DE # 19, ¶ 3; Answer, DE # 35, ¶¶ 3, 14.) Indeed, as Unique USA has pointed out, on 8 December 2013, in an email to Unique USA's counsel, Thimbler's counsel indicated Thimbler's intent to file another lawsuit in Pennsylvania with regard to the matters at issue. (Def.'s Mem. Supp. Mot. Dismiss, DE # 34, at 8 n.1 & Ex. A, DE # 34-1.) In its response to the instant motion, Thimbler has not disavowed its intention to file suit in Pennsylvania.

9

In light of the above discussion, the court cannot "in equity and good conscience" proceed in Unique Canada's absence. Fed. R. Civ. P. 19(b). Accordingly, the court will grant Unique USA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7).[4]

### III.  CONCLUSION

For the foregoing reasons, Unique USA's motion to dismiss or, in the alternative, for judgment on the pleadings (DE # 33) is GRANTED. Thimbler's quantum meruit claim against Unique USA is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to enter judgment and close this case.

This 25 April 2014.

_____
W. Earl Britt
Senior U.S. District Judge

---

[4] Because of this determination, the court has not considered Unique USA's alternative argument that Thimbler's quantum meruit claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) for failure to state a claim upon which relief can be granted. (See Def.'s Mem. Supp. Mot. Dismiss, DE # 34, at 2-4.)